JUDGE BATTS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# 07 CV 1393

------------------------------------------------------------x

DANIELE STOKES,

       PLAINTIFF,

   -AGAINST-

SIMM ASSOCIATES, INC.,

     DEFENDANT.

------------------------------------------------------------x

**Complaint for**
**Violations of the Fair**
**Debt Collection**
**Practices Act**

**JURY TRIAL DEMANDED**

RECEIVED
FEB 2 6 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiff DANIELE STOKES, and individual consumer, against Defendant SIMM ASSOCIATES, INC. ("Defendant" or "Simm")  for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Defendant violated the Act by repeatedly contacting the plaintiff at work after he expressly ordered them to stop doing so on an alleged debt that had already been legally extinguished.  Furthermore, the defendant failed to provide plaintiff with legally required initial disclosures under the FDCPA.

1

## JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1337.  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.    Plaintiff Daniele Stokes is a natural person residing in Brooklyn, New

York.

4.    Defendant Simm Associates, LLC is a Delaware corporation engaged in

the business of collecting debt in this judicial district with its principal place of

business located at 800 Pencader Drive, Newark, Delaware, 19702.  The

principal purpose of Defendant is the collection of debts in this state and

defendant regularly attempts to collect debts allegedly due to another, and is a

"debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5.    On February 25, 2006 defendant began to attempt to collect a consumer

credit card debt from the plaintiff by calling him at his place of employment and

leaving him a message there.

6.    On March 2, 2006 defendant called plaintiff at his place of employment,

whereupon the plaintiff requested that defendant cease contacting him at his

place of employment.  Defendant failed to identify themselves during this call and

failed to provide the plaintiff with any of the disclosures required by 15 USC §

2

1692g, and further failed to provide those disclosures to the plaintiff at a later date.

7.    Notwithstanding the plaintiff's explicit instructions to cease contacting him at work, on March 3, 2006 defendant once again called the plaintiff at his place of employment and left him a message.

8.    In an attempt to determine who was contacting him, the plaintiff returned the phone call and spoke with one of the defendant's debt collectors.  He once again explained that he did not want to be contacted at work again.  Defendant's debt collector refused this request and repeatedly threatened to contact the plaintiff at his work number on a daily basis.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

9.    The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

10.   Plaintiff Daniele Stokes is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

11.   Defendant Simm is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12.   The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

13.    Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting the plaintiff at his place of employment after the plaintiff had expressly informed defendant not to contact him there.

14.    Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting the plaintiff at his place of employment when it knew or had reason to know that such contacts where prohibited.

15.    Defendant violated 15 U.S.C. § 1692d by repeatedly contacting the plaintiff at his place of employment after he asked them not to do so and by threatening to continue to contact him at his place of employment on a daily basis.

16.    Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the plaintiff with the legally required disclosures enumerated therein within five days of initially contacting the plaintiff.

The plaintiff is entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A.    Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

4

B.    Awarding the plaintiff statutory damages pursuant to 15 USC §

1692k(a)(2)(A).

C.    Awarding the plaintiff attorney's fees and costs pursuant to 15 USC §

1692k(a)(3).

D.    Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Daniele Stokes demands trial by jury in

this action.

Dated:  February 25, 2007
        New York, NY

_____
Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff